UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TYRIK STYLES,

                              Plaintiff,                        Case # 19-CV-6912-FPG

v.

                                                                   DECISION AND ORDER

ABRAM,

                              Defendant.
_____

On August 4, 2021, Defendant filed a motion to dismiss based on Plaintiff's alleged failure to prosecute. ECF No. 22. On August 9, 2021, the Court issued a scheduling order that notified Plaintiff of Defendant's motion. ECF No. 23. The Court mailed a copy of the order to Plaintiff at his listed address at Sing Sing Correctional Facility, but it was returned as undeliverable on the ground that Plaintiff had been paroled or released. ECF No. 24. Inmate information data from the website of the New York Department of Corrections and Community Supervision ("DOCCS") confirms that Plaintiff was conditionally released to parole on February 17, 2021.[1] Since that date, Plaintiff has not updated his current address, despite his obligation to do so under the Local Rules. *See* Loc. R. Civ. P. 5.2(d) ("[A] *pro se* litigant must inform the Court immediately, in writing, of any change of address. Failure to do so may result in dismissal of the case, with prejudice."). Furthermore, at the November 2020 scheduling conference, Magistrate Judge Pedersen expressly advised Plaintiff to "update his mailing address and contact information with the Clerk of Court as soon as possible upon his release." ECF No. 17. Defense counsel avers that, since his release, Plaintiff has not communicated with her about the case or participated in discovery. ECF No. 22-1 at 1-2.

---

[1] This information may be accessed through DOCCS's "Inmate Lookup" webpage, which is available at http://nysdoccslookup.doccs.ny.gov/ (last accessed September 9, 2021).

Under these circumstances, the Court agrees with Defendant that dismissal is proper. Rule 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "When deciding whether to dismiss a case under Rule 41(b) for failure to prosecute, courts must consider (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 358 (2d Cir. 2020) (summary order) (internal quotation marks omitted).

These factors favor dismissal without prejudice. First, Plaintiff has not updated his mailing address or otherwise participated in this litigation since his release, which occurred more than six months ago. *See Leybinsky v. U.S. Citizenship & Immigration Servs.*, No. 19-CV-6154, 2020 WL 7295661, at *2 (E.D.N.Y. Dec. 2, 2020) ("[C]ourts have consistently found that delays in the range of six months counsel in favor of [dismissal]."). Second, the Local Rules and Judge Pedersen's admonition at the scheduling conference put Plaintiff on notice of his need to keep his address current, and Plaintiff has been warned of the possibility of dismissal, *see* Loc. R. Civ. P. 5.2(d); ECF No. 23. Third, the litigation has wholly stalled because of Plaintiff's nonparticipation. The Court may presume that Defendant has been prejudiced. *See Leybinsky*, 2020 WL 7295661, at *3 ("Courts may presume [] prejudice when, as here, petitioner has caused an 'unreasonable delay.'"). Fourth, "dismissal without prejudice properly strikes a balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *Id.* (internal

quotation marks omitted).  Although Defendant requests that the case be dismissed with prejudice, ECF No. 22-2 at 5, the Court concludes that dismissal without prejudice adequately serves the Court's "need to clear its calendar without unduly penalizing a *pro se* litigant." *Thrall v. Central N.Y. Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010) (summary order).  Fifth, Plaintiff's wholesale nonparticipation in the case renders dismissal the only efficacious sanction.  *See id.*

For these reasons, Defendant's motion to dismiss (ECF No. 22) is GRANTED IN PART, in that Plaintiff's complaint is dismissed without prejudice for failure to prosecute.  The Clerk of Court is directed to enter judgment and close the case.  Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this order would not be taken in good faith, and *in forma pauperis* status is denied for any appeal.

IT IS SO ORDERED.

Dated: September 10, 2021
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York